Estate of Nell Stapler BRADSHAW I, Plaintiff in Error,

v.

OKLAHOMA TAX COMMISSION, Defendant in Error.

No. 43038.

Supreme Court of Oklahoma.

July 13, 1971.

Paul R. Hodgson, Tulsa, for plaintiff in error.

Albert D. Lynn, E. J. Armstrong, Mike Tapp, Oklahoma City, for defendant in error.

HODGES, Justice.

The questions herein involved on appeal are whether the proceeds from two life insurance policies should be included in the value of the gross estate of the decedent under the provisions of the Estate Tax Law, Title 68 O.S.Supp.(1965), Section 807.

The Tax Commission, after hearing, assessed additional tax against the estate of Nell Stapler Bradshaw I, deceased, upon the proceeds of a $3000.00 life insurance policy with New York Life Insurance Company and upon the proceeds of $1,231.80 life insurance policy with Washington National Insurance Company.

The New York life insurance policy was taken out by the deceased five months prior to her death, naming her daughter, Nell Stapler Bradshaw II, as beneficiary and owner of the policy.

Upon death, our statutes provides for the levy of an estate tax upon the transfer of the net estate of every decedent, 68 O.S. 802. The value of the gross estate, which is used as a basis for determination of the value of the net estate, is determined by including the property designated in 68 O. S. 807.

Subsection 807(A) (2), among other things, states that property which has been passed by deed or gift by the deceased during his life, but was not intended to take effect in possession or enjoyment at or after his death is to be included in the decedent's gross estate for taxation purposes. The incidence of the tax, under these circumstances is the shifting and transferring of economic benefits from the dead to the living. Bass' Estate, 200 Okl. 14, 190 P.2d 800 (1947); Kasishke's Estate v. Oklahoma Tax Commission, Okl., 311 P.2d 804 (1955). The Tax Commission alleges in the present case that the proceeds of the life insurance policy with New York Life come within the provisions of this statute. That it was an attempt by decedent to pass or transfer property by gift to take effect in possession or enjoyment at or after death. We disagree. The policy is nothing more than a life insurance policy taken out by the decedent during her life time and designating her daughter as beneficiary. Under subsection (A) (6) only the proceeds from life insurance in excess of $20,000.00 are to be included in the decedents' gross estates for estate tax purposes. We find the Tax Commission improperly assessed tax upon the proceeds from the New York Life Insurance Policy.

Tax Commission further contends that the proceeds of a policy issued by Washington National Insurance Co., in the amount of $1,231.80 was properly assessed under the provisions of 68 O.S.Supp.1965, Section 807(A) (4) or (5) which are herein set out:

"(A) The value of the gross estate, used as a basis for a determination of

the value of the net estate, shall be determined by including:

"(4) To the extent of the value of any interest of the decedent in any property owned by the decedent and any other person as joint tenants, or tenants by the entirety including funds or securities deposited with any person; corporation, bank or trust company or held in any safety box dept by the beneficiary or joint survivor, except such part of said property or deposit as may be shown to have originally belonged to such other person and never to have been acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth. A surviving spouse with the decedent in any property real or personal, included in the taxable estate of the decedent must support said claim by adequate proof, showing the value of claimant's interest contributed in money or money's worth from separate funds or properties, and provided that a sworn affidavit setting forth the facts supporting such claims shall be considered prima facie evidence of adequate proof.

"(5) To the extent of the total amount of the proceeds of insurance payable or accruing to the decedent's estate by virtue of policies upon the life of the decedent or the annuities, cash surrender values or options held in life insurance policies upon the lives of others."

The policy was issued to the deceased and named the Tulsa Teachers Credit Union as beneficiary. The insurance was to pay any indebtedness owing by the deceased to the Credit Union, and if no indebtedness it would pay a percentage of a certain amount, in this case $1,231.80 to the Credit Union, who in turn had agreed to increase the deposit of the member. The Credit Union account was owned by the deceased and her daughter as joint tenants.

■ Tax Commission states that the proceeds of this policy come under subsection (A) (4) or under subsection (A) (5), claiming that the proceeds are either funds held in joint tenancy or life insurance payable to the estate of deceased and not a named beneficiary. We do not agree. Subsection (A) (4) obviously refers to joint tenancy account funds that existed prior to death of deceased and then only to the value of his interest therein owned by deceased. Deceased never owned any of the proceeds of the life insurance policy, which were not to be deposited to the joint account until after deceased's death. Of course the account was not then a joint tenancy as the deceased's daughter was the survivor and sole owner of the account to the extent of the proceeds that were in excess of indebtedness of deceased to the Credit Union. Although the Credit Union was named beneficiary, deceased's daughter was in fact the beneficiary of the funds in controversy and not the estate. Subsection (A) (5) does also not apply as we have a named beneficiary and the estate is not the beneficiary. The funds in controversy are those in excess of any indebtedness of deceased to Credit Union, if in fact she had any. These proceeds come under the provisions of 68 O.S.Supp.1965, Section 807 (A) (6)a., and as the total amount of life insurance including the insurance listed on the schedule and the proceeds of the New York Life and Washington National Insurance policies does not exceed the sum of $20,000.00, the Tax Commission improperly included such funds in the gross estate for tax purposes.

Order vacated.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, BLACKBIRD, JACKSON, IRWIN, and LAVENDER, JJ., concur.